## TREFFINGER, Appellant, v. DAVIS REAL ESTATE COMPANY and ROYAL INVESTMENT COMPANY, Respondents.

St. Louis Court of Appeals, February 7, 1905.

ISSUE OF FACT: Conclusiveness of Evidence. Where issues purely of fact, supported by evidence are submitted to the jury, by appropriate instructions, there is nothing left for the appellate court to do but to affirm the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

*Charles J. Macauley* for appellant.

*Adiel Sherwood* and *Joseph S. McIntyre* for respondents.

STATEMENT.

The defendants, C. R. H. Davis Real Estate Company and Royal Investment Company, are corporations organized under the laws of Missouri and are doing business in the city of St. Louis. At the organization of the Royal Investment Company, the Davis Real Estate Company subscribed for all its capital stock and subsequently distributed it, but the evidence does not show to whom. The place of business of both companies is in the same room. They have the same bookkeeper, and C. R. H. Davis is the president and manager of both companies. In 1899, plaintiff purchased a house and lot, in the city of St. Louis, upon which there was a deed of trust to secure a note for $2,500, the payment of which plaintiff assumed. The note was payable to the C. R. H. Davis Real Estate Company and was held by it at the time plaintiff made his purchase. The note bore interest at the rate of six per cent per annum from date and matured October 1, 1901. Before its maturity, the Davis Real Estate Company transferred it to the Royal Investment Company. Plaintiff testified that he did not know who was the holder of the note at the time he purchased the property and did not learn until about July 28, 1902. At the time plaintiff purchased the property, he placed it in the hands of the Davis Real Estate Company with authority to collect the rents and at the same time counselled with Davis about the incumbrance. Plaintiff was fearful that he would not be able to pay the note at maturity and would lose the property. Davis promised to protect plaintiff and see that the deed of trust was not foreclosed in case plaintiff should be unable to pay the debt at maturity. The rents were collected by the Davis Real Estate Company and plaintiff deposited small sums of money with it from time to time. On August 12, 1902, defendants rendered a statement of the condition of plaintiff's account which is as follows:

"C. R. H. Davis Real Estate Co. and Royal In-
vestment Co. (Corporations).

To Stephen Treffinger, Dr.

1902.

August 1, To bal. as per statement re-
ceived and account stated
thereon ........... ......$ 114.45
"       2, To rent collected for 1445 Carr
Lane avenue ............      7.50
"      12, To cash paid on account......     35.00
"      19, To rent collected for 1445 Carr
Lane avenue ............     20.00
Sept.   1, To rent collected for 1445 Carr
Lane avenue ............     16.50
"      16, To rent collected for 1445 Carr
Lane avenue ............      21.00
"      30, To rent collected for 1445 Carr
Lane avenue ......... ....     17.50
                                        $  231.95

1902.

August 4, By cash paid by defendants for
plaintiff on a certain negoti-
able promissory note, dated
Oct. 1, 1898, signed by Cuendet
Real Estate Co., owned by
defendants ...... ........$ 100.00
"      20, By cash paid interest on said
$100 for 34 days ..........       .60
"   30, By rent commission charged...       .69
Sept.  10, By amount paid St. Louis
Plumbing Company ......      2.95
"      30, By rent commission charged..      1.36
Oct.    1, By cash paid by defendants for
plaintiff on a certain negoti-
able promissory note, dated
Oct. 1, 1898, signed by Cuendet
Real Estate Company and
owned by defendants......     62.25

By balance due and owing
plaintiff Stephen Treffinger,
from above named defend-
ants, C. R. H. Davis Real
Estate Company and Royal
Investment Company ..... 64.10
$ 231.95.''

Plaintiff found a party willing to carry the loan at five per cent, and on October 3, 1902, paid the Royal Investment Company the balance of $1,688.75 then due on the note, including $62.50 as commission for renewing the note. On taking up the note, plaintiff revoked the agency of the defendant for his property and demanded the payment of the balance of $64.10, as shown by the defendant's statement of his account, dated August 12, 1902. Defendants refused to pay this balance, and suit was brought for its recovery before a justice of the peace. From the justice's court the case was taken to the St. Louis Circuit Court by appeal where, on a trial *de novo,* the jury, under the instruction given by the court, rendered a verdict in favor of the defendants. Plaintiff duly appealed.

BLAND, P. J. (after stating the facts).—The defense was that on October 1, 1901, the date the note matured, Davis, as the president of the Real Estate Company, secured a renewal of the note by the Royal Investment Company at the special instance and request of plaintiff, for which service plaintiff agreed to pay two and one-half per cent commission, which amounted to $62.50, to the Royal Investment Company. Plaintiff testified that he never agreed to pay two and one-half per cent or any other commission to have the note renewed and did not know that it ever had been renewed; that he was never consulted about renewing it and never paid anything to have it renewed; that the first intimation he had of its renewal was conveyed to him by the following letter:

"Saint Louis, July 28, 1902.
"Mr. Steve Treffinger,
"2835 Olive St., City.

"Dear Sir: This is to certify that on July 2, 1902, your principal note for $2,500, due Oct. 1, 1901, was credited with $700 and the time for the principal note was extended to expire Oct. 1, 1902, interest at six per cent on the $1,800 still unpaid.

"Yours truly,
"ROYAL INVESTMENT COMPANY,
"C. R. H. DAVIS, Pres."

Davis testified that the commission of $62.50 through an oversight, was not charged to plaintiff's account at the time the renewal was made but was charged to his account at the time the note was taken up and was charged against him in the calculation of the balance on the note at the date of its payment to the Royal Investment Company. Plaintiff's evidence is that he received a statement of his account as made on October 1, 1902, in which the $62.50 was charged against him as commission for the renewal of his note; that he objected to this item and went to see Davis about it and told him that he would not pay it. But the evidence is uncontradicted that after making his objection to Davis, plaintiff did pay it without objection or protest at the time.

The court instructed the jury that plaintiff could not recover against the Davis Real Estate Company. As this company did not own the note, had no interest in it and was not a party to the renewal of the note, and made no charge therefor, plaintiff failed to make out a case against it. The instructions given to the jury were predicated on the evidence and fairly stated the issues in respect to the alleged agreement to renew the note and whether or not it was renewed by the Royal Investment Company and if renewed whether the commission charged therefor of $62.50 was a reasonable charge. These were purely issues of fact and

we think they were submitted to the jury by appropriate instructions. The finding of the jury on the issues is conclusive and there is nothing left for us to do but affirm the judgment.

The judgment is affirmed. All concur.